AMIR V. ADIBI (SBN 290571)
amir@adibiip.com
ANDREW C. PALMER (SBN 317897)
andrew@adibiip.com
ADIBI IP GROUP, PC
155 Montgomery Street, Suite 1010
San Francisco, California 94104
Tel: (415) 851-2566
Fax: (415) 873-2284

Attorneys for Plaintiff
Omar Kabob Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR KABOB INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>De Afghanan LLC, a California Limited Liability Company,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. FALSE DESIGNATION OF ORIGIN**<br><br>**2. COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**3. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW AND CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Omar Kabob Inc. ("Plaintiff") through their undersigned counsel, for their claims against De Afghanan LLC ("Defendant") respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action for false designation of origin under 15 U.S.C. § 1125(a), common law trademark infringement under California law, and unfair competition arising under the trademark laws of the United States and California.

## JURISDICTION AND VENUE

### Parties

2. Plaintiff is a California corporation having its principal place of business at 637 W Viento Street, Mountain House, California 95391.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant conducts business as "De Afghanan Market" having a principal place of business at 7810 Stockton Blvd. #120, Sacramento, California 95823.

### Jurisdiction

4. This Court has jurisdiction of this action pursuant to 15 U.S.C. §§ 1121 and 1125 (trademark claims), 28 U.S.C. § 1331 (federal subject matter jurisdiction), 28 U.S.C. § 1338(a) (trademark action) and (b) (unfair competition claim joined with a substantial and related trademark claim), and 28 U.S.C. § 1367 Supplemental Jurisdiction.  This civil action includes counts for false designation of origin under section 43(a) of the Lanham Act, common law trademark infringement, and unfair competition as joined with a substantial and related trademark claim.

5. Plaintiff is informed and believes, and based thereon alleges that this court has personal jurisdiction over Defendant because Defendant, by purposefully infringing Plaintiff's trademarks in the State of California, caused foreseeable harm to Plaintiff in the Eastern District of California, and, by continuing to transact business in the State of California and purposely availing themselves of the benefits and protections of California law, have had minimum contacts with California such that they could reasonably expect to be summoned to court in California.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Venue**

6.  Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because Defendant is, upon information and belief, resident of this District, and because a substantial part of the events giving rise to the claims arose in this District.

**GENERAL ALLEGATIONS**

**Omar Kabob's Trademarks and Business**

7.  Mohammad Aziz Omar began operating an Afghan restaurant in 1993 under the name De Afghanan Kabob House ("De Afghanan").

8.  Since its establishment in 1993, De Afghanan has become well-known for serving authentic, high quality Afghan dishes in the Bay Area and has received hundreds of five-star reviews on Google Maps.

9.  The DE AFGHANAN mark (the "Mark") has been used continuously since 1993 up to and including the present time. The Mark has been extensively used, advertised, and promoted in connection with restaurant and catering services, and as a result, has become well and favorably known throughout the region.

10.  Plaintiff was incorporated on April 19, 2019 in California.

11.  On July 1, 2023, an assignment of trademark rights was executed by Mohammad Aziz Omar to Plaintiff. Since its incorporation, Plaintiff has used and continues to use the Mark in connection with and in the same manner as was previously used by Mohammad Aziz Omar.

12.  Plaintiff owns and operates its website at deafghanan.com.

13.  Long before any complained of acts of Defendant, and by virtue of the foregoing widespread use, promotion, and recognition of the Mark, the Mark has acquired valuable commercial magnetism and distinctiveness signifying Plaintiff itself, and the restaurant and catering services offered under the Mark.

14.  In or around 2023, Defendant opened a business located at 7810 Stockton Blvd. #120, Sacramento, CA 95823, offering fresh and packaged food products, including Afghani food items, under the name "De Afghanan Market."

15. Since Defendant opened their business, Plaintiff's customers have inquired whether Plaintiff owns and operates De Afghanan Market, or is otherwise affiliated with De Afghanan Market.

16. On September 27, 2023, Plaintiff, through its counsel, drafted a letter ("First Notice Letter") to Defendant (i) explaining Plaintiff's long history of using the Marks in connection with its restaurant services in the Bay Area, (ii) explaining the reputation Plaintiff's business has developed over the course of more than thirty (30) years within the Bay Area for its Afghan cuisine, (iii) explaining how Defendant's decision to open a market called "De Afghanan Market" is likely, and indeed already has, caused consumer confusion, and (iv) demanding that Defendant cease and desist from using the name DE AFGHANAN in connection with its food market.  Plaintiff did not receive any response from Defendant to its First Notice Letter.

17. On October 10, 2023, Plaintiff, through its counsel, again drafted a letter to Defendant ("Second Notice Letter"), reiterating the claims from its First Notice Letter and again demanding that Defendant cease and desist from using the DE AFGHANAN MARKET name in connection with its food market.  Defendant again did not respond to Plaintiff's Second Notice Letter.

18. Upon information and belief, Defendant intends on opening a kitchen on site at 7810 Stockton Blvd. #120, Sacramento, CA 95823 to provide restaurant services and/or sell and serve cooked food.

19. At no time has Plaintiff given Defendant authorization to use the Mark or similar marks.  At no time has Mohammad Aziz Omar given Defendant authorization to use the Mark or similar marks.

20. Defendant has and continues to flagrantly use the confusingly similar DE AFGHANAN MARKET trade name and mark for its business, despite numerous communications to them that such use infringes upon Plaintiff's use of the Mark and has caused consumer confusion.

21. Use of the DE AFGHANAN MARKET mark by Defendant is likely to confuse consumers and has confused customers into believing that Defendant is affiliated with,

associated with, connected to, or sponsored by Plaintiff and its popular restaurant and catering services, and Defendant will unjustly benefit from such association.

22. Defendant's infringing use of the DE AFGHANAN MARKET mark has and will continue to unjustly increase the profitability of Defendant's business to the detriment of Plaintiff and at no cost to Defendant.

23. Defendant's continued infringing use of the DE AFGHANAN MARKET mark will financially harm Plaintiff by diminishing the value of Plaintiff's Mark and endanger the ability of Plaintiff's Mark to serve as a unique and distinctive source indicator for Plaintiff's restaurant and catering services.

24. Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using the DE AFGHANAN MARKET mark, where Plaintiff is without adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### False Designation of Origin under 15 U.S.C. § 1125(a)

25. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26. Defendant's unauthorized use of the DE AFGHANAN MARKET mark constitutes false designation of origin, false or misleading description, and/or false or misleading representation as to the goods or services made available by Defendants in interstate commerce.

27. Defendant's unauthorized use of the DE AFGHANAN MARKET mark so resembles Plaintiff's use of the Mark in connection with the same goods or services as to be likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to origin, sponsorship, or approval of Defendant's goods and other commercial activity within the meaning of 15 U.S.C. § 1125(a).  By virtue of the DE AFGHANAN MARKET mark, consumers who use or learn of Defendant's goods or services will mistakenly believe that the goods associated with Defendant originate with, are sponsored by, or are affiliated with Plaintiff.

28. Such false designation, description, and/or representation by Defendant constitutes unfair competition and is an infringement of Plaintiff's rights in its Mark in violation of the Lanham Act, 15 U.S.C. § 1125(a).

29. Plaintiff is informed and believes, and based thereon alleges, that Defendant knew, or should have known, of Plaintiff's rights to the Mark, and that Defendant's use of the DE AFGHANAN MARKET mark was knowing, willful, deliberate, and done with the intention of trading upon the goodwill built up by Plaintiff and its business.

30. By the direct diversion of customers, and the lessening of goodwill associated with Plaintiff's business conducted in connection with the Mark, Plaintiff has been injured as a result of Defendant's false and misleading advertisement, promotion, and use of the DE AFGHANAN MARKET mark.

31. Defendant's unauthorized use of the DE AFGHANAN MARKET mark has caused, and unless restrained and enjoined by this Court will continue to cause, substantial, immediate, and irreparable injury to Plaintiff's business, reputation, and goodwill for which Plaintiff is without an adequate remedy at law.

32. As a direct and proximate result of Defendant's unauthorized adoption and continued use of the DE AFGHANAN MARKET mark, Plaintiff has suffered, and is continuing to suffer, injury, loss, and damages in an amount to be proven at trial. Based on the actions and omissions of Defendant, Plaintiff is entitled to injunctive relief, monetary damages, and other remedies provided by the Lanham Act, including Defendant's profits, reasonable attorneys' fees, costs, and prejudgment interest.

WHEREFORE, Plaintiff seeks relief against Defendants as set forth below.

### SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

33. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

34. The Mark is a valid, protectable mark owned by Plaintiff, and the primary significance of which is that it is known by the consuming public as a source indicator for

Plaintiff's services.  Plaintiff is the owner of the DE AFGHANAN service mark registered with the California Secretary of State on July 27, 2023 and having registration number 02029853.

35. As a result of the association by the public of Plaintiff's DE AFGHANAN mark with Plaintiff and its restaurant and catering services, the use by Defendant of the DE AFGHANAN MARKET mark in connection with Defendant's goods, advertising, and operations, is likely to cause confusion, to cause mistake, or to deceive consumers into falsely believing that Defendant is affiliated with, associated with, connected to, or sponsored by Plaintiff and its famous restaurant, all to the benefit of Defendant and to Plaintiff's detriment.

36. Defendant's infringing use of the DE AFGHANAN MARKET mark has and will continue to unjustly increase the profitability of Defendant's brand to the detriment of Plaintiff and at no cost to Defendant.

37. Defendant's continued infringing use of the confusingly similar DE AFGHANAN MARKET mark will financially harm Plaintiff by diminishing the value of Plaintiff's Mark and endanger the ability of Plaintiff's Mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods and services.

38. Defendants' conduct constitutes infringement of Plaintiff's common law rights in and to the DE AFGHANAN trademark.

39. Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using the DE AFGHANAN MARKET mark, where Plaintiff is without adequate remedy at law.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendant knew, or should have known, of Plaintiff's rights to the Mark, and that Defendants' use of the DE AFGHANAN MARKET mark, was knowing, willful, deliberate, and done with the intention of trading upon the goodwill built up by Plaintiff and its business.

41. Defendant's unauthorized use of the DE AFGHANAN MARKET mark has caused, and unless restrained and enjoined by this Court will continue to cause substantial, immediate, and irreparable injury to Plaintiff's business, reputation, and goodwill, for which Plaintiff is

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

without an adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief as against Defendant in connection with said infringing use.

42. As a direct and proximate result of Defendants' infringing use of the DE AFGHANAN MARKET mark, Plaintiff has suffered and is continuing to suffer injury, loss, and damages in an amount to be proven at trial.  Based on such conduct, Plaintiff is entitled to injunctive relief, monetary damages, and other remedies provided by the Lanham Act, including Defendant's profits, reasonable attorneys' fees, costs, and prejudgment interest.

WHEREFORE, Plaintiff seeks relief against Defendants as set forth below.

### THIRD CLAIM FOR RELIEF

### Unfair Competition Under California Common Law and California Business & Professions Code § 17200, et seq.

43. Plaintiff re-alleges and incorporates by reference each and every allegation of Paragraphs 1-42, as though fully set forth herein.

44. Defendant's unauthorized and continued use of the DE AFGHANAN MARKET mark in connection with grocery store services constitutes unlawful, unfair, and/or fraudulent business acts or practices in violation of California common law and California Business and Professions Code § 17200, et seq.

45. By virtue of the wrongful actions and omissions alleged herein, Defendant engaged in, and continues to engage in, unlawful, unfair, and/or fraudulent business practices against Plaintiff in violation of California Common Law and California Business and Professions Code § 17200, et seq.

46. Defendant's use of a mark confusingly similar to Plaintiff's marks is likely to and does permit Defendant to misappropriate and unfairly trade upon the valuable goodwill and reputation of Plaintiff and will subject the goodwill and reputation in the DE AFGHANAN mark to the hazards and perils attendant upon Defendant's business activities, activities over which Plaintiff has no control.

47.     Defendant's unauthorized and continued use of the DE AFGHANAN MARKET mark has caused, and unless restrained and enjoined by this Court will continue to cause, substantial, immediate, and irreparable injury to Plaintiff's business, reputation, and goodwill.

48.     As a direct and proximate result of Defendant's unauthorized adoption and continued use of Plaintiff's Mark, Defendant has unfairly benefitted from their wrongful actions and omissions and Plaintiff has suffered, and is continuing to suffer, injury, loss, and damages in an amount according to proof.  Because of Defendant's actions and omissions, Plaintiff is entitled to remedies available under California common law and California Business and Professions Code § 17200, including without limitation injunctive relief and restoration of money acquired by Defendant's wrongful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court render judgment in its favor and against Defendant as follows:

1.     That Defendant, its officers, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in concert with Defendant, be permanently enjoined and restrained from directly or indirectly:

(a)     Using in connection with restaurant services or food products as a trademark, service mark, trade name, domain name, or email the term "DE AFGHANAN," or its phonetic or visual equivalents, alone or in connection with any other term and/or trademarks or any other trademarks confusingly similar to those of Plaintiff;

(b)     Using in connection with the advertising, sale, or promotion of restaurant services or food products the term "DE AFGHANAN," or its phonetic or visual equivalents, alone or in connection with any other term and/or trademarks or any other trademarks confusingly similar to those of Plaintiff;

(c)     Holding out in any manner whatsoever that Defendant or Defendant's goods and/or services are in any way sponsored by, associated with, connected to, or affiliated with Plaintiff or Plaintiff's business;

      (d)    Performing any actions or using any words, names, styles, titles, or marks that are likely to cause confusion, to cause mistake, or to deceive; or to otherwise mislead the trade or public into believing that Plaintiff and Defendant are one and the same or connected in any way;

      (e)    Using any words, names, styles, titles, or marks that create a likelihood of injury to the business reputation of Plaintiff or its affiliates, or a likelihood of misappropriation and dilution of Plaintiff's trademark and the goodwill associated therewith;

      (f)    Using any trade practices whatsoever, including those complained of herein that tend to unfairly compete with or injure Plaintiff, its business, and the goodwill pertaining thereto; and

      (g)    Registering as a trademark or service mark any name or mark using the phrase "DE AFGHANAN," or its phonetic or visual equivalent, alone or in combination with other words, names, styles, titles, or marks for any goods or services relating to restaurant or catering services or the sale of food.

2.    That Defendant be required to expressly abandon U.S. Trademark Application Serial Number 98055302 filed on June 26, 2023.

3.    That Defendant be required to recall from distribution all food products bearing any DE AFGHANAN label.

4.    That Defendant be required to destroy all food products and all packaging within its possession, custody, or control that use DE AFGHANAN, as provided by 15 U.S.C. § 1118.

5.    That Defendant be required to remove DE AFGHANAN from all printed and digital materials, including storefront signage and Google Maps listings.

6.    That Defendant be required to make an accounting to Plaintiff and be directed to pay over to Plaintiff all gains, profits, and advantages realized by Defendant from the advertisement and/or sale of goods and/or services bearing the infringing designation, pursuant to 15 U.S.C. § 1117.

7.    That Defendant be directed to pay to Plaintiff all damages suffered by Plaintiff, pursuant to 15 U.S.C. § 1117.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

8.      That Defendant be directed to pay Plaintiff's reasonable attorneys' fees and all costs connected with this action, pursuant to 15 U.S.C. § 1117.

9.      That Defendant be directed to pay to Plaintiff prejudgment interest at the maximum rate permitted by law.

10.     That Defendant be directed to pay to Plaintiff compensatory damages according to proof and that such damages be trebled because of the willful acts described herein in disregard of Plaintiff's known rights in the DE AFGHANAN trademark as provided by 15 U.S.C. §1117.

11.     That Defendant be directed to pay to Plaintiff punitive damages or exemplary damages in an amount to be determined at trial.

12.     That Defendant be directed to pay to Plaintiff the costs of the action.

13.     That Defendant be directed to file with the Court and serve on Plaintiff within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

14.     That Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: January 17, 2024                ADIBI IP GROUP, PC

By:  */s/ Andrew C. Palmer*
      Andrew C. Palmer
      Attorneys for Plaintiff
      *OMAR KABOB INC.*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure and Local Rule 201.

Dated: January 17, 2024                ADIBI IP GROUP, PC


                                By:  /s/ Andrew C. Palmer
                                     Andrew C. Palmer
                                     Attorneys for Plaintiff
                                     *OMAR KABOB INC.*